UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FELTINIA EDWARDS, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-09-0977 |
| § | |
| MICHAEL J. ASTRUE, Commissioner of § | |
| Social Security, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is the Application for Attorneys' Fees of Plaintiff Feltinia Edwards (Doc. No. 19). Considering the Motion, all responses and replies thereto, and the applicable law, this Court concludes that the Motion should be granted.

**I.      BACKGROUND**

Plaintiff filed a Complaint on April 1, 2009 to contest the Commissioner of the Social Security Administration of the United States' ("Commissioner") decision to deny Plaintiff's application for disability insurance benefits under the Title II of the Social Security Act. Plaintiff filed her opening brief on November 23, 2009. Subsequently, the Commissioner filed an unopposed motion for remand, requesting that that Court reverse the Commissioner's initial decision and remand the case for further administrative proceedings. The Court granted this motion, and the case was accordingly remanded pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), for further proceedings. (Doc. No. 13.) Plaintiff now files this application for attorneys' fees under the Equal Access to Justice Act ("EAJA").

**II.     LEGAL STANDARD**

> The EAJA provides, in pertinent part:
>
> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Because this suit was remanded to the Commissioner pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), Plaintiff is deemed the prevailing party under this provision. *Shalala v. Shaefer*, 509 U.S. 292, 300-02 (1993). Notably, the Commissioner does not contest that Plaintiff is entitled to an award of EAJA fees in this case.

### III.   ANALYSIS

#### A.   Hourly Rate

In the Motion, Plaintiff argues that $166.88 is the appropriate hourly rate to be applied to the award of attorneys' fees. Plaintiff points out that, although Congress capped the statutory hourly rate for attorneys' fees at $125.00 when the EAJA was last enacted in March 1996, this rate is typically adjusted upward to reflect increases in the cost of living since that time. *See Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). Plaintiff calculates an hourly rate of $166.88 based upon a 33.5% increase in the cost of living in this area since March 1996, as reflected by United States Department of Labor Statistics. (Pl. Mot., Doc. No. 18, at 4.)

The Commissioner does not, in his response, appear to contest this rate. Moreover, in recent years, courts in this district have consistently applied this or very similar rates in evaluating requests for attorneys' fees under the EAJA. *See* (Pl. Mot. Ex.

C.) Accordingly, pursuant to 28 U.S.C. Section 2412(d)(2)(A), the Court finds that the appropriate hourly rate at which to award fees is $166.88.

### B. Number of Hours Worked

The total number of hours for which Plaintiff seeks fees is 59.85. This number can be divided into two categories. First, Plaintiff seeks compensation for 52.3 attorney hours spent by William Fouché preparing the opening brief. Second, Plaintiff seeks 7.55 hours of attorney compensation for other attorney services, including reviewing the progress of this litigation, conducting telephone calls, and preparing this application for fees, each rendered by attorney Paul Burkhalter. *See* (Pl. Mot. Ex. F.) In addition to these categories, Plaintiff also seeks 4.7 hours of supplemental fees for time spent reviewing the Commissioner's opposition to this Motion and preparing a reply brief. (Pl. Reply, Doc. No. 20, at 13.)

The Commissioner argues that the number of compensable hours sought by Plaintiff is excessive and should be reduced. The Commissioner makes two arguments to support its position. First, the Commissioner argues that it is unreasonable for an attorney this level of expertise to require more than 40 hours to complete the opening brief in this case, which involved no novel or difficult legal issues. Second, the Commissioner argues that Plaintiff's application includes work that does not require an attorneys' expertise and can easily be performed by support staff.

The Court holds that Plaintiff is entitled to the full amount of attorneys' fees sought. First, Plaintiff provides a detailed log documenting exactly what tasks were performed by the attorneys and the length of time spent on each task. Indeed, Plaintiff does not simply assert, without more, that counsel spent 52.3 hours on the opening brief

for this case. Rather, Plaintiff provides detailed descriptions, divided into small increments of time, of how this time was used and exactly what background research was necessary to effectively complete the brief. (Pl. Mot. Ex. F.) The Commissioner raises no specific objections to these descriptions.

Second, in her reply brief, Plaintiff describes the circumstances of this case as a result of which her attorney was compelled to devote a considerable amount of time and attention to it, most notably that the administrative record was 846 pages, and counsel covered a total of six legal issues in his brief, two of which he had not previously encountered. (Pl. Reply at 6-7.) Moreover, it is apparent that Plaintiff's counsel was quite successful in advocating Plaintiff's position, because, after the brief was filed, the Commissioner moved for remand without filing a responsive brief. As such, the Court holds that Plaintiff has certainly met her burden of demonstrating that 52.3 hours were reasonably expended in preparing an opening brief in this case. Although the Commissioner argues that the "typical" application for EAJA fees seeks compensation for 30-40 hours, Plaintiff has sufficiently shown the bases on which the compensable hours for this case are higher than this range. *See Hensley v. Eckerhard*, 461 U.S. 424, 429 (1983) (holding that the amount of a fee award "must be determined on the facts of each case").

As to the Commissioner's specific objections that certain tasks, totaling 0.35 hours, should not be compensated because they were unnecessarily performed by an attorney, the Court is likewise unpersuaded. According to Plaintiff's log, this time was spent supervising the service of summons. While it may be the case that a non-lawyer can take the steps neccessary to effectuate service, it is certainly not unreasonable that an

4

attorney would be required to expend 20 minutes supervising that process. As such, the Court will not reduce the compensable hours by 0.35 hours. Accordingly, this Court holds that Plaintiff is entitled to receive attorneys' fees for 59.85 hours of work, plus an additional 4.7 hours expended to argue this Motion, at an hourly rate of $166.88, plus reimbursement of the filing fee of $350.00. Thus, the total amount to be paid by the Commissioner is $11,122.11.

## IV. CONCLUSION

For the reasons state above, this Court concludes that Plaintiff's Application for Attorneys' Fees under the Equal Access to Justice Act (Doc. No. 19) should be **GRANTED**. The Commissioner shall tender payment to Plaintiff's counsel in the amount of $11,122.11 within thirty (30) days of entry of this Order.

**IT IS SO ORDERED.**

**SIGNED** this 22nd day of April, 2010

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**